IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| PLAINTIFF, | : | CASE NO. 2:03-CR-197 |
| | | CASE NO. 2:12-CR-141 |
| vs. | : | JUDGE SMITH |
| WILLIAM RAY KISOR, II | : | |
| DEFENDANT. | : | |

UNITED STATES SENTENCING MEMORANDUM
REGARDING FINAL SUPERVISED RELEASE REVOCATION HEARING

Defendant Kisor is being sentenced on new criminal behavior in Case Number CR2-12-182 at the same time as his final revocation hearings on the above cases. The United States has filed a Sentencing Memorandum in the underlying case and herein files its recommendation on the Supervised Release Revocation cases.

Defendant was on supervised release concurrently on two convictions: one in the Southern District of Ohio pursuant to a conviction on a plea and one in the Western District of Tennessee after a trial. His three year terms of supervised release commenced on October 5, 2011 on both cases and both were being supervised in this district.[1] The violation report was filed nine months into his supervision.

At the time the violation report was filed, the facts of the new criminal violation were known but no charges had yet been filed. As the probation officer noted, he proceeded with the report and recommended revocation "in an effort to prevent further victimization" since "swift action" was warranted. (Report at ¶¶ 13 - 15). Since the filing of the report, defendant has pled

---

[1] The Tennessee case had been transferred here for supervision.

guilty to one count of interstate possession of child pornography and is before the Court for sentencing on that plea.

**The Violations**

Three violations are alleged and are uncontested. Two are Grade B Violations and one is a Grade C Violation. Defendant is a criminal history category V. (Report at ¶ 17.) Some of the facts underlying the violations concern activities involved in the new criminal violation in the Case #182 possession case, but some of the facts involve activity not charged in that case.

First, defendant is alleged to have committed another federal, state or local crime (mandatory condition no. 1) and to have possessed matter that "depicts pornographic images of minors under 18 years of age." (Report at Part A. ¶¶ 2 and 3). The underlying facts include that Defendant sent 3 images of child pornography to a Homeland Security Investigation Special Agent in California using a computer. (Report at Part A. ¶¶ 4 - 5.)[2] This is a Grade B violation.

Second, defendant is alleged to have accessed the Internet and Internet Relay Chat (IRC) outside of his permitted access (classes or work). (Report at Part A. ¶ 6). Defendant was involved in cyber chats on IRC with an undercover officer in California who purported to have a 5 year old daughter and 7 year old son. The chats involved defendant's intent to sexually molest the 5 year old girl and his intent to travel in interstate commerce.[3] These chats involved defendant's prohibited access of the Internet and IRC. (Report at Part A ¶¶ 7 - 9). This is a Grade C violation.

---

[2] Note defendant was charged with possession, not distribution, of the images on his computer after it was examined. His computer contained the images that were sent.

[3] Note defendant was not charged with enticement or any other crime involving his intent to travel in interstate commerce to have sex with a minor. These chats lead to the discovery of defendant's child pornography.

Finally, defendant is alleged to have violated the special condition that prohibited him from the use of any computer or electronic equipment with the capability of accessing the Internet or email and prohibited him from contact with any minors. (Report at ¶ 10.)  This violation is based on the fact that defendant had an email account on Yahoo! created on November 18, 2011, a little over a month after defendant started supervision.  He also had a prohibited cell phone used in part to talk to the undercover California HSI agent and that was activated on November 10, 2011[4]   (Report at ¶¶ 11 - 12.)

At the time of the violations, defendant was in sex offender treatment and until these violations came to light, he was in compliance with all of his treatment requirements.

The probation officer has given a very helpful statement regarding defendant Kisor's violation behavior and the disturbing nature of Kisor's conduct.  The United States is appalled at the conduct that occurred despite a robust supervision and treatment program.   Defendant Kisor is now the poster child for high guidelines in these types of cases.  Sex offender treatment and strict conditions of release despite close supervision did not prevent defendant from getting on the Internet and seeking young children to abuse.  The fact that he immediately obtained forbidden Internet computer and phone access and attempted to contact minors and custodians of minors should give the Court more than enough reason to impose the maximum revocation sentence recommended by the guidelines.  For that reason and for the reasons in the probation officer's violation report, the United States recommends 24 month sentences on each of his supervised release terms. The United States further recommends that they be consecutive to the underlying sentence (based in part on the policy in U.S.S.G. § 7B1.3(g)(2)) and consecutive to

---

[4] Again, this is part of the possession case, but led to the discovery of the child porn he possessed as opposed to being charged conduct.

each other.  These recommendations are further supported by the fact that no extended term of supervised release can be imposed in either of these cases.  (Report at ¶ 28.)

Respectfully submitted,

CARTER M. STEWART
United States Attorney

s/Deborah A. Solove
DEBORAH A. SOLOVE (0024552)
Assistant United States Attorney
303 Marconi Boulevard
Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5653
Deborah.Solove @usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing United States Sentencing Memorandum regarding Supervised Release Revocation Hearing was served this 23rd day of January, electronically on:   Steve S. Nolder, Federal Public Defender, attorney for defendant.

s/Deborah A. Solove
DEBORAH A. SOLOVE (0024552)
Assistant United States Attorney